UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

PASQUALE SANGIUOLO,

                         Plaintiff,

           -against-

Detective TYRONE VIRUET, Shield No. 5654; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------- x




**15 CV 00090**

**JUDGE COTE**

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Pasquale Sangiuolo ("plaintiff" or "Mr. Sangiuolo") is a resident of Bronx County in the City and State of New York.

7. Defendant Detective Tyrone Viruet, Shield No. 5654 ("Viruet"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Viruet is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 8:30 a.m. on November 22, 2014, Mr. Sangiuolo was lawfully standing in the area of 125 Lexington Avenue, in Manhattan, waiting for his

cousin so they could take the train together.

12.	Defendants approached Mr. Sangiuolo without reasonable suspicion to believe he had committed any crime or offense and illegally searched him without his permission.

13.	After recovering legally prescribed medication in a prescription bottle bearing Mr. Sangiuolo's name, defendants arrested plaintiff without probable cause or even arguable probable cause to believe he had committed any crime or offense.

14.	Defendants tightly handcuffed plaintiff and took him to a police precinct.

15.	At the precinct, Mr. Sangiuolo was forced to endure a humiliating strip search. No contraband was recovered following the search.

16.	Defendants falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff in criminal possession of a controlled substance.

17.	At no point did the officers observe Mr. Sangiuolo commit a crime or offense.

18.	Plaintiff was eventually transferred to Manhattan Central Booking where he was held for several more hours before being told that the District Attorney's Office declined to prosecute him.

19.	After approximately fifteen hours in custody, Mr. Sangiuolo was

released.

20. Mr. Sangiuolo suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, an illegal strip search and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

21. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

23. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

29. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   January 7, 2015
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*